## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| D&B II ENTERPRISES, LLC d/b/a | ) | |
| BAIN ACCOUNTING/TAX, on behalf of | ) | |
| Itself and all others similarly situated, | ) | |
| | ) | |
|     Plaintiffs, | ) | CASE NO. _____ |
| | ) | |
|     v. | ) | Hon. _____ |
| | ) | |
| UNIVERSAL TAX SYSTEMS, INC., | ) | **Removal from:** |
| d/b/a CCH SMALL FIRM SERVICES, | ) | Illinois Circuit Court Case **No. 2013-** |
| a Virginia Corporation, | ) | **CH-13737** |
| | ) | |
|     Defendant. | ) | |

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, 1453, and 1446, Defendant Universal Tax Systems, Inc. ("Defendant"), hereby removes the subject action, Illinois Circuit Court Case 2013-CH-13737, from the Circuit Court of Cook County, Illinois, Chancery Division, to the United States District Court for the Northern District of Illinois, Eastern Division.  Defendant's Notice of Removal is based on the following:

**The State Court Action**

1.     On May 29, 2013, Plaintiff D&B II Enterprises, LLC ("Plaintiff") filed its Complaint against Defendant in the Circuit Court of Cook County, Illinois.  Defendant was served with Plaintiff's Summons and Complaint on July 10, 2013.  The Summons and Complaint are attached as **Exhibit A**.

2.     Plaintiff filed a one-count Complaint alleging that Defendant violated the Illinois Consumer Fraud and Deceptive Trade Practices Act, 815 ILCS 505/1, *et seq.*, by allegedly failing to disclose supposed functionality problems associated with its tax-preparation software. Plaintiff purports to represent itself and all others allegedly similarly situated and seeks

certification of a class of all individuals or businesses that purchased Defendant's ATX 2012 professional tax software for use for the 2012 tax year. (Ex. A, ¶ 38.) Plaintiff claims that it suffered, among other things, "damages exceeding $50,000[.]" (Ex. A, at 13.) Defendant is still investigating the allegations, but denies Plaintiff's primary allegations and reserves and does not waive all rights to contest them.

**Statutory Grounds for Removal**

3. Defendant's removal of this case is based upon 28 U.S.C. §§ 1441(a) and 1453. Section 1441(a) authorizes the removal of any civil actions filed in state court provided that the United States District Court has original jurisdiction for such actions. Section 1453(b) authorizes the removal of "class actions," as defined in 28 U.S.C. § 1331(d)(1), to federal district court. This Court has original jurisdiction over this action under 28 U.S.C. §§ 1332(d)(2),(5), and (6), which provide such jurisdiction over class actions in which the amount in controversy exceeds $5 million, exclusive of interest or costs, the proposed class includes at least 100 members, and any member of the alleged plaintiff class is a citizen of a State different from any defendant.

**Diversity of Citizenship**

4. Pursuant to 28 U.S.C. § 1332(d)(2)(A), at least one member of the putative class is diverse from Defendant. Defendant is a Virginia corporation with its principal place of business in Georgia. Plaintiff purports to represent a nationwide class, in which many members are citizens of neither Virginia or Georgia. (Affidavit of Chris Porras, **Exhibit B**, ¶ 1.) Indeed, the named Plaintiff, D&B II Enterprises, LLC, is a Missouri company. (Ex. A, ¶ 4.) The citizenship of the parties is therefore diverse. (Defendant expressly reserves and does not waive its right to contest that any class could properly be certified here.)

**More than 100 Alleged Class Members; More than $5 Million in Controversy**

5.      Plaintiff seeks certification of a class of what it claims to be 35,000 similarly-situated tax professionals.  (Ex. A, ¶ 40).  By Plaintiff's own allegations, this exceeds the required 100 alleged class members.

6.      Further, the amount in controversy is more than $5 million.   Plaintiff has alleged that its own damages exceed $50,000, and that it is a representative member of a 35,000-member class.  (Ex. A, ¶ 43, Prayer for Relief, ¶ B.)  With Defendant reserving all rights to contest the facts alleged in the Complaint, to contest that a class could be certified, or to contest that any plaintiff is entitled to any damages, from the monetary value of damages that Plaintiff asserts ($50,000) multiplied by the number of Plaintiff's alleged class representatives (35,000), it is clear that the total amount in controversy exceeds $5 million.  Calculated another way, damages also exceed $5 million.   Universal offered a number of different packages of its 2012 ATX professional tax software.   The lowest-priced of the five software packages at issue in the Complaint was approximately $299.  (Ex. B, ¶ 5).  Assuming that each of the supposed 35,000 plaintiffs purchased the lowest-priced software package for $299, the amount in controversy would also exceed the $5 million threshold.

**Class Action**

7.      This case meets the definitional requirements for a class action as provided by 28 U.S.C. §§ 1332(d)(1)(B), and 1453(a) and (b).  For removal to be authorized by those provisions, the case must be brought as a class action under Rule 23 of the Federal Rules of Civil Procedure, or under a similar state statute or rule that authorizes one or more representative persons to maintain a class action.  Plaintiff alleges that he is bringing this case as a class action under Section 2-801 of the Illinois Code of Civil Procedure (735 Ill. Comp. Stat. 5/2-801).  (Ex. A,

¶ 38). That provision authorizes actions to be brought by one or more representative persons as a class action.

**Timeliness of Removal**

8.     This Notice of Removal was filed within thirty days of Defendant's receipt of the Complaint in the state action on July 10, 2013, as required by 28 U.S.C. § 1446(b).

**Written Notice of Removal**

9.     As 28 U.S.C. § 1446(d) requires, after filing this Notice of Removal in this Court, Defendant will promptly give written notice of removal to Plaintiff by sending a Notice of Filing of Notice of Removal (in the form attached as **Exhibit C** to plaintiff's counsel of record), and Defendant will file a copy of the Notice of Filing of Notice of Removal with the Clerk of the Circuit Court of Cook County, Illinois.

10.     Pursuant to 28 U.S.C. §§ 1446(a), 1391(a)-(b), the Circuit Cook of Cook County, Illinois, is within this Court's district and division.

**No waiver**

11.     By filing this Notice of Removal, Defendant does not waive any defenses available to it and does not admit any of Plaintiff's allegations, including its allegations of wrongdoing by Defendant or any class action allegations.

WHEREFORE, defendant Universal Tax Systems, Inc. removes the subject action from the Circuit Court of Cook County, Illinois, Chancery Division, to the United States District Court for the Northern District of Illinois, Eastern Division.

Dated:  August 9, 2013                    Respectfully submitted,

                                          UNIVERSAL TAX SYSTEMS, INC.,
                                          d/b/a CCH SMALL FIRM SERVICES


                                          By:
                                                  \s\  Craig C. Martin
                                                  One of Its Attorneys

                                          Craig C. Martin (6201581)
                                          cmartin@jenner.com
                                          Matthew R. Devine (6282744)
                                          mdevine@jenner.com
                                          Brienne Letourneau (6303812)
                                          bletourneau@jenner.com
                                          Caroline Lindsey (6309554)
                                          clindsey@jenner.com
                                          JENNER & BLOCK LLP
                                          353 N. Clark Street
                                          Chicago, Illinois 60654
                                          (312) 222-9350 (phone)
                                          (312) 527-0484 (fax)

## CERTIFICATION OF SERVICE

I, Matthew R. Devine, an attorney, hereby certify that on August 9, 2013, I mailed the

attached Notice of Removal to the following before 5 p.m. by United States Postal Service and

by e-mail:

>Don M. Downing
>ddowning@grgpc.com
>Jason D. Sapp
>jsapp@grgpc.com
>GRAY, RITTER & GRAHAM, P.C.
>701 Market Street, Suite 800
>St. Louis, MO 63101

>      \s\  Craig C. Martin
>Craig C. Martin
>JENNER & BLOCK LLP
>Jenner & Block LLP
>353 North Clark Street
>Chicago, Illinois 60654
>(312) 222-9350 (phone)
>(312) 527-0484 (fax)
>
>*Counsel for Defendant Universal Tax Systems, Inc.*